## MARLOW v HOPPER

Ohio Appeals, 8th Dist, Cuyahoga Co
No 11350.   Decided April 8, 1931

FARR, J, (7th Dist) sitting in place of
VICKERY, J.

Alexander H. Martin, Cleveland, for Marlow.

Farquharson, Curtiss, Gillie, Gustafson & Miller, Cleveland, for Hopper.

FARR, J.

The possession of the Marlows was therefore referable to the oral contract. They claimed however that Mrs. Hopper agreed to execute to them a contract in writing for the sale of the property but which they say she failed to do.  She claims, however, that she was not to execute such contract until it had been determined that they would be able to go forward with their payments upon the property.  It is clear, therefore, that the possession of the Marlows as above stated refers not to their original title, but to the oral contract made for the purchase of the same after the foreclosure proceeding.

It is well settled that an oral contract and part performance takes such contract out of the operation of the statute of frauds, §8620 GC.

To sustain this view reference may be had to 36 Cyc, 354, 5 and 6; **Grant v Ramsey, 7 Oh St, 157; O'Hara v O'Hara, 16 C. C. 367; 9 C. D. 293; Kelly v Standbery, 13 Ohio, 408.**

That is to say that taking possession in

performance of an oral contract together with payment in full, or in part of the purchase price, is recognized in practically all jurisdictions as a sufficient part performance as to take a contract out of the statute of frauds, and the amount of such performance is immaterial; 36 Cyc, 654; **Grant v Ramsey, 7 Oh St, 157,** O'Hara v O'Hara, 16 C. C., 367. It is declared in 36 Cyc 656 that possession, payment and improvements constitute part performance and satisfies the statute.

It is, therefore, perhaps unimportant whether Mrs. Hopper did or did not agree to give defendants a written contract as evidence of the transaction until such time as plaintiff might be reasonably satisfied that defendants would be able to make said monthly payments as stipulated.

It becomes clear, therefore, that the conduct and relation of the parties to this transaction must be controlled by the oral contract in question, and it is not contended here that the contract was rescinded, and it would be necessary, in order to rescind, that the party seeking rescission must show that he had performed all the terms and conditions on his part, 1 Kinkead, page 402; **Lowe v Phillips, 14 Oh St, 308; Crawford v Satterfield, 27 Oh St, 424.**

The question of forfeiture however has not yet arisen in this cause. Of interest with reference to the matter of foreclosure is §1579 GC, subdivision six and nine of the same section of the General Code relating to the jurisdiction of the Municipal Court of the City of Cleveland. However, that is but a suggestion, perhaps beside the point, yet it becomes apparent that the plaintiff below misapprehended her remedy under the circumstances of this case, which might very properly have been set out in two causes of action, one for the cancellation of a subsisting oral contract which no one disputes, and second, for the ejectment of the parties from the premises. The oral contract would have been a proper basis for Mrs. Hopper's action and it is so declared in 39 Cyc, page 1220 as follows:

"FORM OF CONTRACT OF SALE—
1. ORAL CONTRACT.

In the absence of statute an oral contract for the sale of real property is valid. But the terms of the statute of frauds in force in most jurisdictions prevent recovery on contracts for the sale of any interest in realty unless the contract, or some note or memorandum thereof, is in writing, and signed by the party to be charged therewith. Under such statutes an oral contract for the sale of realty is, in general, unenforceable except in equity in the case of part performance sufficient to take the case out of the operation of the statute."

It was insisted in arguments in behalf of defendant in error that while strict foreclosure does not obtain in Ohio, generally speaking, yet that it does obtain as to land contracts. However the setting of facts in this case is such that the conclusion must be as above indicated.

LEVINE, PJ, and WEYGANDT, J, concur